UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: **10-20002-CIV-MORENO**

CLARENDON NATIONAL INSURANCE COMPANY,

    Plaintiff,

vs.

SEAPORT CRANE SERVICE, INC.,

    Defendant.

_____/

**CLOSED CIVIL CASE**

## ORDER GRANTING MOTION TO REMAND

THIS CAUSE came before the Court upon Defendant's Motion to Remand **(D.E. No. 8)**, filed on **January 26, 2010**.

THE COURT has considered the motion and the pertinent portions of the record, and is otherwise fully advised in the premises.

### *Background*

The instant action was removed pursuant to 28 U.S.C. § 1332 (diversity jurisdiction) by Clarendon National Insurance Company from the Miami-Dade Circuit Court, where Clarendon National Insurance Company filed a declaratory judgment action against Seaport Crane Services, Inc. in June 2007. According to Clarendon National Insurance Company, Seaport Crane Services, Inc.'s rights were assigned to George Whitney, who was injured while working for Seaport Crane Services, Inc. George Whitney was substituted as a party for Seaport Crane Services, Inc., and filed a counterclaim against Clarendon National Insurance Company in the state court case. Clarendon National Insurance Company has removed the case now, more than two years after it was filed,

claiming that the counterclaim filed against it by George Whitney is an entirely new case.

### *Legal Standard*

The burden of establishing federal jurisdiction falls on the party who is attempting to invoke the jurisdiction of the federal court. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936). Courts should strictly construe the requirements of 28 U.S.C. §1441 (removal jurisdiction) and remand all cases in which such jurisdiction is doubtful. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941). Moreover, removal statutes are construed narrowly, and when the plaintiff and defendant clash on the issue of jurisdiction, uncertainties are resolved in favor of remand. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

A case cannot be removed pursuant to 28 U.S.C. § 1332 if it has been pending in state court for more than one year. 28 U.S.C. § 1446 ("If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant...of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.").

### *Analysis*

This case was initially filed in state court in June 2007. It was removed pursuant to 28 U.S.C. § 1332. Under 28 U.S.C. § 1446's express language, it is not removable because it had been pending for longer than one year at the time it was removed. Although Clarendon National Insurance Company argues that the counterclaim filed by George Whitney is completely distinct from the action that had been pending since June 2007, and is in fact an entirely new and separate

action, the Court cannot agree. Based on Clarendon National Insurance Company's own papers, it sued Seaport Crane Service, Inc., which assigned its rights to George Whitney, who countersued Clarendon National Insurance Company based on the assigned rights, all in the same action, concerning the same issues and the same facts. Accordingly it is

**ADJUDGED** that

1. The motion to remand is **GRANTED**.

2. This case is hereby **REMANDED** to the Circuit Court for the Eleventh Judicial Circuit in and for Dade County, Florida. The Clerk of the Court is hereby directed to take all necessary steps and procedures to effect the expeditious remand of the above-styled action.

3. The motion for attorney fees in connection with the motion to remand is **DENIED**.

4. This case is **CLOSED** and all pending motions are **DENIED** as moot.

DONE AND ORDERED in Chambers at Miami, Florida, this 25th day of February, 2010.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record

Clerk of the Court for the 11th Judicial Circuit in and for Miami-Dade County, Florida